# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 12, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

154717

KERRY JENDRUSINA,
   Plaintiff-Appellee,

v

SHYAM MISHRA, M.D. and SHYAM
N. MISHRA, M.D., P.C.,
   Defendants-Appellants.

SC: 154717
COA: 325133
Macomb CC: 2013-003802-NH

_____/

On December 6, 2017, the Court heard oral argument on the application for leave to appeal the August 4, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, C.J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal. Largely for the reasons stated in the Court of Appeals dissent, I would reverse the Court of Appeals judgment and reinstate the trial court's order granting summary disposition in favor of defendants. As the dissent concluded, the limitations period here began to run on January 3, 2011, when plaintiff was diagnosed with kidney failure, and he thereafter failed to timely commence an action.

Plaintiff alleges that defendant Shyam Mishra, M.D., failed to properly manage and treat his kidney disease. According to plaintiff, defendant regularly monitored his kidney function, yet despite progressively worsening kidney functions, defendant never referred him to a nephrologist or otherwise treated his condition. The statutory period of limitations for a claim based on medical malpractice is generally two years, MCL 600.5805(6), and it is undisputed that plaintiff failed to commence his action within this period. However, plaintiff asserts that his action was nevertheless timely under the "discovery rule" set forth in MCL 600.5838a(2), which provides in part as follows: "[A]n action involving a claim based on medical malpractice may be commenced at any time within the applicable period prescribed in section 5805 . . . or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later." In *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 232 (1997), we explained that the "six-month discovery rule period begins to run in medical malpractice cases when the plaintiff, on the basis of objective facts, is aware of a possible cause of action," which "occurs when the plaintiff is aware of an injury and a possible causal link between the injury and an act or omission of the physician."

Here, plaintiff's deposition testimony indicated that defendant had been monitoring his "kidney numbers" for years. During this monitoring, plaintiff's numbers were slightly elevated, and defendant ordered an ultrasound of his kidneys in 2009. However, plaintiff testified that he was apprised afterwards by defendant that his kidneys were "fine." Plaintiff continued to be tested twice a year and, according to plaintiff, defendant never indicated that he suffered from kidney disease or that his kidneys were otherwise failing. Plaintiff testified further that defendant "kept on mentioning" his kidney number and stated, "don't worry about it, it was fine, it was within safe limits, is what he always told me." On January 3, 2011, plaintiff went to the hospital with flu-like symptoms, at which point, according to plaintiff, emergency room personnel told him that his "kidneys failed" and that his numbers were "way out of whack."

Considering these facts together, as of January 3, 2011, plaintiff was aware that defendant had been monitoring his numbers for years, that his numbers were "way out of whack" upon admission to the hospital, and that his kidneys had apparently failed, despite the fact that defendant had regularly assured him that his kidneys were "fine." These facts should have aroused at least some modicum of suspicion in a reasonable person that defendant had provided deficient care, and they also suggest that plaintiff should have been aware of a kidney problem and a possible causal linkage between that problem and some negligent act or omission on defendant's part. See *id*. at 222 (stating that a "plaintiff need not know for certain that he had a claim, or even know of a likely claim before the six-month period would begin"). Thus, as the Court of Appeals dissent concluded, plaintiff should reasonably have discovered the existence of his claim on January 3, 2011, and his action was barred by the limitations period in MCL 600.5838a(2) because he failed to commence the action within six months after this date. I am aware that the immediate reaction of any person to what plaintiff learned on that date would not have been to assess what was required to preserve a medical malpractice action but rather to seek out treatment, but legal claims are not of indefinite duration; in this instance they must be brought within two years of the malpractice or within six months of when a person discovers or should have discovered the existence of the claim, whichever date is later.

Moreover, even if one were to disregard the January 2011 date, plaintiff should at least have discovered the existence of his claim by October 2011, at which time plaintiff's nephrologist recommended that he obtain a kidney transplant. By this time,

not only had plaintiff been *diagnosed* with kidney failure, but he had also been counseled as to how to *address* this condition. That his kidneys failed and that a transplant was recommended, combined with his knowledge that defendant had been monitoring his kidneys for years yet never once indicated they were failing, supplied plaintiff with more than sufficient information concerning the basis for a legal claim.

In sum, plaintiff should have discovered his claim by January 3, 2011, or, at the very latest, by October 2011. However, plaintiff failed to commence his action within six months of either of these dates. Therefore, the action was time-barred under MCL 600.5838a(2), and the trial court, in my judgment, properly granted summary disposition in favor of defendants.

ZAHRA and WILDER, JJ., join the statement of MARKMAN, C.J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 12, 2018



d0109

Clerk